IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARY LINDERBORN | * | |
| | * | |
| v. | * | Civil No. CCB-19-2532 |
| | * | |
| ARMADILLO VENTURES, LLC | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

This case arises from an alleged slip and fall accident at the Texas Roadhouse in Pasadena, Maryland. (ECF 12 (Amended Complaint)). Now pending is Linderborn's Request for Leave of Court to Propound Additional Document Requests to Defendant. (ECF 14). Linderborn seeks "all information concerning the ongoing litigation of *James Souders v. Armadillo Ventures, LLC*, pending in the district court for Anne Arundel County, Case No. D-07-CV-19-008892 which is a slip and fall matter that does not involve this Plaintiff but that occurred at the same restaurant." (*Id.*). Defendant Armadillo Ventures, LLC ("Armadillo") opposes the request on relevance grounds. (ECF 16).

Federal Rule of Civil Procedure 26(b)(1) provides that:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ P. 26(b)(1). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

Here, the requested information is clearly relevant. In her complaint, Linderborn alleges that she slipped and fell in the Texas Roadhouse "due to the slippery condition of the floor. The floor

1

had peanuts, peanut shells and peanut oil on it. There was also a build-up of condensation on the floor that by itself or in concert with the peanuts/shells/oil caused a slippery condition." (ECF 12 ¶ 4). According to Armadillo, the incident giving rise to the *Souders* lawsuit "occurred within a different area of the restaurant five months prior to [Linderborn's alleged slip-and-fall] and arises from allegations of grease that had been spilled on the floor." (ECF 16 ¶ 4). The condition of the floor at the Pasadena, Maryland Texas Roadhouse is relevant to Linderborn's negligence claim, and thus information suggesting that another individual had slipped on the floor five months before Linderborn did tends to make her allegation of negligence more probable.

    Nevertheless, the court finds that Linderborn's request for "all information concerning the ongoing litigation" in *Souders* is overly broad. Not all aspects of that case will be relevant to this one. Accordingly, counsel IS DIRECTED to confer and try to reach agreement on which documents should be turned over. The parties SHALL PROVIDE a status report within 14 days of the entry of this Order, after which time the court will, if necessary, rule as to specific documents in dispute.

    So Ordered this  19th  day of June, 2020.

                                                            /S/
                                              Catherine C. Blake
                                              United States District Judge